CORREA, DEMANDANTE Y APELANTE, *v.* QUIÑONES, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre desahucio.

No. 2266.—Resuelto en enero 25, 1921.

DESAHUCIO EN PRECARIO—CONCUBINATO—SOCIEDAD.—Aunque el concubinato no puede originar por sí solo una sociedad de gananciales, sin embargo, cuando no aparece desnuda de toda prueba la alegación del demandado en desahucio por precario de que la casa objeto del procedimiento pertenece en común a las partes aún cuando aparezca inscrita a nombre de la demandante, por haber sido fabricada con peculio de una y otro cuando vivían en concubinato, y de que por acuerdo de ambos al cesar el concubinato ocupa la parte del inmueble de que se le quiere desposeer, la acción de desahucio no debe prosperar, por no ser la adecuada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. F. Rossy.*

Abogado del apelado: *Sr. F. C. Más.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La demandante-apelante Dominga Correa radicó en la Corte de Distrito de San Juan, Sección Primera, con fecha 9 de octubre de 1919, una demanda contra el demandado Elías Quiñones sobre desahucio por precario, alegando ser dueña de una casa en el pueblo de Carolina de cuya casa ocupa una parte el demandado en precario sin pagar merced alguna, por cuya razón pide sea requerido para que la desocupe apercibido de lanzamiento.

El demandado contestó la demanda alegando como defensa que no posee la casa en concepto de precario sino a título de condominio en común y proindiviso con la demandante por haber sido fabricada con dinero de ambas partes durante vida común que hicieron por espacio de trece años como marido y mujer hasta el día 13 de junio de 1919 y también a virtud de convenio que celebraron, según el cual la demandante disfrutaría la mitad de la casa y el demandado

la parte que ocupa hasta que se practicara la división de los bienes de la sociedad existente entre ambos.

La corte dictó sentencia en primero de noviembre de 1919 declarando sin lugar la demanda y de ella apeló la demandante.

No nos toca decidir en el presente juicio si la demandante es o no dueña exclusiva de la casa, pues esa no es materia propia de un juicio de desahucio, por ser este un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble lanzando de él a quien lo detente sin título alguno para ello, *Torres et al.* v. *Pérez,* 18 D. P. R. 573, sino si el demandado posee o no en precario la parte de la casa de que se trata.

La prueba de la demandante tiende a demostrar que Dominga Correa inscribió a su favor en el registro la propiedad de la casa mediante escritura de 19 de abril de 1918, en la que ella hizo constar que la había edificado en solar que le cedió el Ayuntamiento del pueblo de Carolina por acuerdo de 15 de agosto de 1914; que pagó $4 al Tesoro Municipal de dicho pueblo por el permiso para la construcción de la casa; y que el Alcalde de Carolina en 6 de octubre de 1916 le concedió licencia para la reparación de la misma haciendo lo propio el ingeniero sanitario del Departamento de Sanidad en 20 de noviembre del propio año.

Al presentar la demandante recibos de las contribuciones que había satisfecho por la casa, el demandado aceptó que Dominga Correa había venido pagando a nombre propio las contribuciones sobre la casa desde el año 1914 en que se construyó hasta el año fiscal de 1919–1920.

El demandado presentó prueba testifical tendente a justificar que viviendo en concubinato con la demandante construyó la casa con dinero de los dos pagando unas veces la demandante los gastos semanales y otras veces el demandado y que al terminar la vida común de ambos la deman-

dante convino con el demandado en que daría a éste la mitad de la casa o en que ella se quedaría con la misma pagando cien dólares por su participación al demandado, quedando éste en la casa hasta que recibiera el pago de dicha cantidad.

Ciertamente el concubinato no puede ser por sí solo generador de derechos de clase alguna en cuanto a los que viven en tal estado y condición y desde luego el concubinato no puede originar una sociedad legal de gananciales; pero prescindiendo en absoluto del concubinato, el demandado niega que posea en precario la parte de casa que se le reclama pues alega que la casa pertenece en común y *proindiviso* a ambos por haberla construído con dinero de los dos y que en virtud de convenio habido entre ellos al cesar la vida común ocupa la parte que se le reclama. Esa alegación no aparece desnuda de toda prueba y por tanto es improcedente el desahucio, debiendo las partes discutir en juicio ordinario el título legal de la finca antes de que pueda prosperar la acción ejercitada, *Torres et al.* v. *Pérez, supra.*

La acción de desahucio sólo es procedente cuando entre el arrendatario y el arrendador o el dueño de la finca y quien la lleva en precario no existen más relaciones jurídicas que las derivadas de dicho carácter y cuando acerca de ellas no existen dudas fundadas que requieran un examen y discusión propios solamente del juicio declarativo correspondiente. Sentencia del Tribunal Supremo de España de 29 de mayo de 1906, cuya doctrina aceptamos en el caso de *Veve et al.* v. *The Fajardo Sugar Growers' Association,* 18 D. P. R. 282.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.