ALEJANDRO VÁZQUEZ, demandante y apelante, *v.* JUANA CAMACHO, demandada y apelada.

No. 5357.—*Sometido:* Mayo 11, 1931. *Resuelto:* Junio 16, 1932.

*A. Marín Marién,* abogado del apelante; *E. H. F. Dottin,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Alejandro Vázquez y Juana Camacho vivieron en aparente concubinato por algún tiempo hasta que Alejandro Vázquez demandó a Juana Camacho para que se procediese a la división de la comunidad entre ellos existente por partes iguales de una casa sin solar radicada en el barrio de Santurce de esta ciudad, descrita en la demanda, que alegó el demandante haber sido comprada por ambos. Juana Camacho se opuso a la demanda alegando que esa casa es de su exclusiva pertenencia por haberla comprado con dinero suyo. La casa fué comprada el 8 de abril de 1926 en $315 que fueron pagados de contado y por reformas hechas en ella hoy vale de $600

a $800. Celebrado el juicio recayó sentencia contraria al demandante quien interpuso este recurso de apelación.

Los dos primeros motivos del recurso pueden ser resueltos conjuntamente por estar íntimamente relacionados entre sí. Dicen así: "1, La corte erró al estimar la prueba presentada por la demandada variando los términos del contrato escrito de adquisición de la casa, documento cuya existencia declara la corte. 2, La corte erró al declarar que la casa es de la exclusiva propiedad de la demandada, sin embargo de que admite que se hizo un documento en favor de ambas partes, sin que su validez haya sido siquiera atacada en el juicio."

Al ser comprada esa casa entregaron los vendedores un documento privado haciendo constar la venta de ella. El demandante requirió a la demandada para que presentara ese documento en el juicio pero no fué presentado porque según declaró Juana Camacho desapareció al hacerse la nueva construcción de la casa. En vista de esto el demandante trató de probar con testigos que en ese documento se decía que Alejandro Vázquez y Juana Camacho eran los compradores de la casa. La demandada negó en el juicio que dijera tal cosa y presentó evidencia, a que nos referiremos después, para probar que la compra fué hecha con dinero suyo exclusivamente. Algunos de los testigos del demandante no recordaron si dicho documento decía que la casa había sido comprada por los dos, pero otros afirmaron que sí. De todos modos fué un documento que otorgó el vendedor que no sabía positivamente, como tampoco los otros testigos, si el dinero era de las dos personas que se presentaron a comprar o de una sola de ellas. Pudo creer la persona que redactó el documento que dichas personas estaban casadas. El documento existió. No lo redactó la demandada ni consta que le dió su aprobación. Juana Camacho no quedaba obligada por la manifestación que hizo el vendedor de que la casa la compraban ella y Alejan-

dro Vázquez. No era un contrato entre las partes demandante y demandada. Por consiguiente, no cometió error la corte sentenciadora al permitir prueba de la demandada para justificar que el dinero de esa compra era de su exclusiva pertenencia, ni infringió el artículo 25 de la Ley de Evidencia.

Como consecuencia de las conclusiones antes expuestas la corte sentenciadora pudo llegar por la prueba a la conclusión de que la casa es de la exclusiva propiedad de la demandada a pesar del documento privado que otorgó el vendedor de ella.

Los motivos tercero y cuarto se refieren a la apreciación de la prueba.

El demandante es un obrero de oficio pintor que trabaja ocasionalmente ganando $3 diarios cuando encuentra trabajo. El declaró que los $315 pagados por la casa eran suyos exclusivamente pero su prueba no demostró que en la fecha de esa adquisición tuviera esa cantidad ni que en ocasión alguna haya tenido tal suma de dinero ni aun menor. La demandada es una viuda que trabaja en la fábrica de tabaco desde hace unos diecisiete años ganando $12 semanales; desde 1918 tiene una cuenta de ahorros en el Banco Popular en la que regularmente hay balances a su favor en cantidades que fluctúan de 100 a 200 dólares; presta dinero a sus compañeras de trabajo; en una ocasión recibió $275 del Pueblo de Puerto Rico como indemnización por daños causados a una propiedad suya en Miramar; ha tenido otra casita en Puerta de Tierra; tiene dos hijos que le dan cada uno 20, 15 ó 10 dólares trimestrales; ella pagó los materiales y la mano de obra para la reconstrucción de la casa que motiva este pleito y es ella la que paga el arrendamiento del solar, las contribuciones, el agua y el alumbrado, según admitió el demandante.

Nos basta con el resumen que hemos hecho de la prueba para concluir que la corte inferior no erró, como se le im-

puta, al estimar que no se había probado con preponderancia de evidencia la alegada comunidad de bienes ni al apreciar la prueba.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.