ENGRACIA TORRES, demandante y apelante, *v.* JESÚS ROLDÁN, demandado y apelado.

Núm. 9409.—*Sometido:* Mayo 1, 1947. *Resuelto:* Mayo 23, 1947.

*G. Cruzado Silva,* abogado de la apelante; *B. Sánchez Castaño,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se trata aquí de un pleito sobre división de comunidad de bienes. La demandante alegó en síntesis: Que el demandado y ella vivieron en concubinato desde 1925 a 1935; que establecieron una comunidad de bienes por medio de su trabajo y de

economías hechas con el dinero producido por sus respectivos esfuerzos; que la demandante se dedicaba a la crianza de cerdos, aves de corral y vacas y el demandado a la reventa de pan a domicilio; que con las ganancias establecieron un fondo común de $400; que con parte de esta suma adquirieron un solar, sobre el cual más tarde fabricaron una casa que fué vendida por $1,500; que con parte de los $1,500 se hicieron de una casa valorada en $300; que con el resto del dinero y otras economías posteriores producidas por trabajo de ambos, las cuales guardaba el demandado, éste fabricó otra casa valorada en $2,500; que cuando la comunidad de bienes fué terminada en 1935 por haber cesado su concubinato, su activo era aproximadamente $3,000 incluyendo las casas de $300 y $2,500. En la súplica de la demanda se solicita la división entre la demandante y el demandado por partes iguales de los bienes poseídos en común.

El demandado radicó una moción para desestimar la demanda por falta de hechos suficientes para constituir una causa de acción, la cual fué declarada con lugar por la corte. dictándose sentencia a favor del demandado. De la misma, ha apelado la demandante.

██ En esta jurisdicción una sociedad de gananciales se crea por ley únicamente mediante matrimonio; por tanto el mero concubinato no crea interés común en los bienes que adquieren los concubinos. Artículos 1295–1326 Código Civil, ed. 1930; *Correa v. Quiñones*, 29 D.P.R. 52, 54; *Morales v. Cruz*, 34 D.P.R. 834, 837; Véanse *Vallera v. Vallera*, 134 P.2d 761 (Calif., 1943); *Blache v. Blache*, 160 P.2d 136, 140 (Calif., 1945).[1]

---

[1] En cuanto a los derechos adquiridos a base de un matrimonio putativo, *cf. Vallera v. Vallera*, supra; *Blache v. Blache*, supra; *Fung Dai Kim Ah Leong v. Lau Ah Leong*, 27 F.2d 582 (C.C.A. 9, 1928) *certiorari* denegado *Lau Ah Leong v. Fung Dai Kim Ah Leong*, 278 U. S. 636, revocando *Ah Leong v. Ah Leong*, 29 Haw. 770 (1927); 31 A.L.R. 424; 75 A.L.R. 732; De Funiak *on Community Property*, sección 56, págs 124–130, y autoridades allí citadas; 5 Williston *on Contracts* (ed. rev. 1938) sección 1631, nota 3, págs. 4569–70; 20 Calif. L. Rev. 453; 9 Calif. L. Rev. 68; 13 Cornell L. Q. 282. Compárese artículo 1315, Código Civil, ed. 1930.

Sin embargo, si un hombre y una mujer mientras viven en concubinato convienen, expresa o implícitamente, en consolidar sus ingresos y participar por partes iguales en los bienes adquiridos con los mismos, las cortes exigirán de la parte que ha retenido más de lo que le corresponde, de acuerdo con lo convenido, que entregue dicho exceso. *Vallera* v. *Vallera*, 134 P.2d 761, 763, 166 P.2d 893 (Calif., 1943, 1946); *Delamour* v. *Roger*, 7 La. Ann. 152, 155 (1852); *Mitchell* v. *Fish*, 134 S.W. 940 (Ark., 1911); 36 L.R.A. (N.S.) 838; 75 A.L.R. 732, 740-741; 20 Calif. L. Rev. 453-54; De Funiak, supra, sección 56, pág. 129, nota 29; Evans, *Property Interests Arising from Quasi-Marital Relations,* 9 Cornell L. Q. 246, 263-65. Véanse artículos 326-340, Código Civil, ed. 1930: *Morales* v. *Cruz,* 34 D.P.R. 834-842.

Es más, aun en ausencia de un convenio expreso o implícito, con miras a evitar un enriquecimiento injusto por parte del demandado, el demandante tiene derecho a participar, en la proporción que sus fondos hayan contribuído a su adquisición, en los bienes acumulados conjuntamente. *Vallera* v. *Vallera,* supra, pág. 763; *King* v. *Jackson,* 164 P.2d 974 (Okl. 1945); *Bracken* v. *Bracken,* 217 N. W. 192 (S.D. 1927); *Hayworth* v. *Williams,* 116 S. W. 43 (Tex. 1909); *Ah Leong* v. *Leong,* supra; Williston, supra, sección 1791, pág. 5091; 5 Williston, supra, sección 1631, nota 3, págs. 4569-70. Véase *Compañía Popular* v. *Corte,* 63 D.P.R. 121, 127-130.

Al dictarse sentencia a favor del demandado, la corte inferior citó los casos de *Correa* v. *Quiñones,* 29 D.P.R. 52, 54; *Morales* v. *Cruz,* 34 D.P.R. 834, 837, 842; *Santos* v. *Matos,* 39 D.P.R. 927, 928; *Mojica* v. *González,* 43 D.P.R. 999; *Buitrago* v. *González,* 43 D.P.R. 1024 (*per curiam*).

En *Morales* v. *Cruz,* supra, se trataba de una acción, como la del presente caso, en que una ex concubina trataba de recobrar determinados bienes. Decidió este caso que una acción de esta naturaleza no puede basarse únicamente en el concubinato. Y citando, como hacemos aquí, *Mitchell* v. *Fish,*

supra, *Delamour* v. *Roger,* supra y 36 L.R.A. (N.S.) 838, el caso de *Morales* aparentemente reconoció a las páginas 837–42 que un acuerdo entre un hombre y una mujer para compartir bienes adquiridos por ellos mientras vivan en concubinato, es válido.[2] Hasta aquí estamos de acuerdo con el caso de *Morales.*

Pero, a pesar de que la opinión en dicho caso no es tan clara como podía serlo, parece también sostener, a la página 842, que en ausencia de un convenio, una concubina no puede recobrar su parte proporcional de los bienes, aun cuando ella hubiese contribuído a su adquisición con su capital y trabajo. En vista de lo antes dicho, este último pronunciamiento, de ser así, queda revocado.

El caso de *Morales* fué confirmado por la Corte de Circuito de Apelaciones. *Morales* v. *Vélez,* 18 F.2d 519 (C.C.A. 1, 1927). Pero la opinión de la mayoría en la Corte de Circuito expresa específicamente que la confirmación de la sentencia se basa en nuestras conclusiones de hecho al efecto de que (1) no existía convenio alguno entre las partes para compartir la propiedad adquirida durante el concubinato, y de que (2) el trabajo de la demandante fué meramente incidental a su *status* de concubina. Por otro lado, hay una fuerte opinión disidente señalando que, aun en ausencia de un convenio, la demandante tiene derecho a recibir "el valor de la propiedad y de los servicios que ha aportado al fondo." (Pág. 521.) El Juez disidente descansa en algunos de los casos que hemos seguido aquí al revocar, *pro tanto,* el de *Morales.* La opinión emitida por la mayoría de la Corte de Circuito se distingue porque nos confirma aceptando nuestras conclusiones de hecho. Pero aun cuando la opinión de la mayoría se interpretara como que establece una regla de derecho al seguir nuestros puntos de vista sobre este particular en el caso de *Morales,* no obstante, creemos apropiado corre-

[2] Aparentemente al mismo efecto, *Vázquez* v. *Camacho,* 43 D.P.R. 659.

gir en este caso el error que cometimos en el de *Morales.* Véase *Díaz* v. *P. R. Ry., Light & P. Co.,* 63 D.P.R. 808, 816–818.

En los casos de *Correa, Santos, Mojica* y *Buitrago,* se trataba de acciones de desahucio. No necesitamos reexaminarlos aquí, excepto para declarar que ninguno de ellos resuelve que no puede crearse mediante convenio una comunidad de bienes entre un hombre y su concubina, o que una mujer no puede pedir su participación en la propiedad adquirida, debido en parte a su capital o a su trabajo, aun en ausencia de un convenio.

La demandante tiene derecho a su día en corte con miras a probar, si puede, (1) que entre ella y el demandado existía un acuerdo para compartir los bienes que acumularan, o (2) que, aun sin tal convenio, ella contribuyó con cierto trabajo o capital que le da derecho a determinada, aunque no necesariamente igual, participación en los bienes envueltos.

*La sentencia de la corte inferior será revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Marrero no intervino.