JUANITA ROGER y JAVIER VÉLEZ VÁZQUEZ, demandantes y apelantes, *v.* ISABEL TORRES, demandada y apelada.

Núm. 10258.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 21, 1950.

---

"    .    .    .    .    .    .    .    .    .    ."

R. *Atiles Moréu,* abogado de los apelantes; *Carlos E. Colón,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Ponce declaró sin lugar la demanda de desahucio en precario en este caso por haber llegado a la conclusión que de la prueba surgía un conflicto de títulos entre las partes. Los demandantes apelaron y aun cuando en su alegato señalan cuatro errores, los mismos envuelven una sola cuestión, a saber, si la corte erró al apreciar la prueba y resolver que existe un conflicto de títulos.

█ █ ·Aparentemente por no ser aplicables a los casos de desahucio las Reglas de Enjuiciamiento Civil,(1) la corte

_____

(1) Véanse las Reglas 52 (a) y 81 (a) de las de Enjuiciamiento Civil y el caso de *Falcón* v. *Cruz,* 67 D.P.R. 530, 531, nota (1).

inferior, al dictar sentencia, no expuso sus conclusiones de hechos probados y separadamente sus conclusiones de derecho. Empero, es de lugar llamar la atención de las cortes inferiores hacia el hecho de que en aquellos casos a los cuales no son aplicables las Reglas de Enjuiciamiento Civil, continúa vigente, en cuanto a esta cuestión, el artículo 227 del Código de Enjuiciamiento Civil que impone a los jueces el mismo deber de exponer "separadamente y de una manera breve, los hechos que considere probados y las razones jurídicas en que funde su decisión" a que los somete la Regla 52 (a) en los demás casos.

■■ En el caso de autos, la corte, en la sentencia, después de hacer referencia a las alegaciones de la demanda y de la contestación, de copiar las defensas especiales alegadas en esta última y de señalar dos contradicciones entre las alegaciones de la demanda y la prueba de los demandantes y entre la prueba documental y testifical, se limitó a hacer constar lo siguiente:

"Nos ha parecido bastante extraña la operación de compra de la propiedad por parte de Juanita Roger, esposa de Javier Vélez. Éste es padre de dos hijos tenidos con la demandada Isabel Torres. Ésta y sus dos hijos han habitado dicha propiedad como si fueran dueños, desde que aparecen comprando esa propiedad Javier Vélez y Antonio Vélez, abuelo de esos dos menores. Javier se va para San Juan, allí se casa con Juanita Roger y allí viven desde el 1946. En 5 de junio de 1948 aparece Javier vendiendo su parte en esa propiedad a su padre, por una suma que no se entregó; en esa misma escritura aparece el padre de Javier vendiéndole la propiedad a la esposa de éste; cuatro días después se le envía una carta a Isabel Torres, en nombre de Juanita Roger, para que desocupe la propiedad porque ésta 'la quiere para venderla', y en la demanda se alega que la adquirieron para 'ocuparla como sitio de residencia para ellos'.

"Las defensas de la parte demandada encuentran apoyo en la evidencia presentada por ella. El hecho de habitar la casa con los hijos menores del demandante Javier Vélez; el declarar éste que 'al comprar yo la mudé a la casa del pleito para que los niños vivieran allí'; que se sacó $300 en la bolita; el

que el abuelo de los niños le dijera a la demandada que tendría que pagar el agua un mes antes de la venta, y lo declarado por la demandada y sus testigos, hacen que esas defensas no sean meros pretextos o alegaciones sin fundamentos, y sí que presentan un genuino conflicto de títulos que nos está vedado resolver en este procedimiento especial y sumario de desahucio, y mucho más cuando la escritura de venta de junio de 1948 tiene todas las apariencias de una transacción entre esposos.

"Entiéndase bien que no estamos haciendo conclusiones en cuanto a quién sea el real, efectivo y legítimo dueño de la propiedad objeto de este desahucio, lo que sí determinamos es la existencia seria de reclamaciones opuestas en cuanto al título de la misma, las que deben dilucidarse en una acción ordinaria. *Sucn. Pedroza* v. *Martínez,* 64 D.P.R. 5; *Colón* v. *Santiago,* 64 D.P.R. 312."

Las defensas a que hace referencia la corte fueron al efecto de que la demandada y sus dos hijos menores de edad, habidos mientras ella vivía en concubinato con el codemandante Javier Vélez, no ocupan la propiedad en precario ya que la misma fué adquirida por Vélez con el producto de un número de la bolita que él y la demandada jugaban a nombre de sus hijos, habiéndose convenido en que la propiedad sería puesta a nombre de los hijos, lo que no hizo Vélez pues la puso a nombre suyo y de su padre Antonio Vélez, abuelo de los menores, con el fin de facilitar cualquier transacción futura con dicha casa.

Del examen que hemos hecho de la prueba creemos que la corte inferior estuvo justificada en la conclusión a que llegó, ya que la prueba de la demandada tendió a demostrar que el codemandante Javier Vélez Vázquez, allá para el año 1943, vivió en Ponce en concubinato con la demandada Isabel Torres con quien procreó dos hijos; que jugaban un número de la bolita a nombre de sus hijos, el cual salió premiado; que resolvieron comprar una casa y solar para sus hijos y con el fin de evitar trámites judiciales en el futuro en caso de que quisieran disponer de la propiedad, la misma fué comprada por Vélez y puesta a nombre suyo y de su padre, abuelo

de los dos meñores; qúe Vélez y la demandada y sus hijos se mudaron a la casa y en ella vivieron hasta el año 1945 en que Vélez se separó de la demandada y se vino a vivir a San Juan, continuando la demandada y sus hijos viviendo la casa; que Vélez se casó con la codemandante Juanita Roger y en el año 1948, por escritura núm. 139 otorgada el 5 de junio ante el notario Rafael Atiles Moréu, aparece el codemandante Vélez vendiéndole a su padre Antonio Vélez Ortiz su condominio en la casa y solar por $325, haciendo constar que dicha suma le fué entregada en presencia del notario, y en la misma escritura aparece Antonio Vélez Ortiz vendiéndole toda la propiedad a Juanita Roger, esposa del codemandante, por la suma de $650 que también se dice fué entregada en presencia del notario. Cuatro días después de otorgada esta escritura, la codemandante le escribió una carta a la demandada solicitando desocupara la casa por necesitarla para vivirla y, al no hacerlo, se radicó la presente acción de desahucio. Demostró la prueba, además, que a pesar de hacerse constar en la escritura de compraventa que el padre del codemandante Vélez le había entregado los $325 en presencia del notario, ese hecho era falso pues según declaró Vélez, él había recibido de su padre mucho antes, $200 por su participación en la casa.

Hemos resuelto que la mera existencia de un concubinato no puede crear un conflicto de títulos en relación con una propiedad objeto de un desahucio. *Correa* v. *Quiñones*, 29 D.P.R. 52; *Mojica* v. *González*, 43 D.P.R. 999. Sin embargo, aun en dichos casos resolvimos, en el de *Correa,* que prescindiendo en absoluto del concubinato, cuando el demandado niega que posee en precario y alega que la casa pertenece en común y proindiviso a ambos por haberla construído con dinero de los dos y que en virtud de convenio habido entre ellos al cesar la vida común ocupa la parte que se le reclama, si dicha alegación no aparece desnuda de toda prueba el desahucio es improcedente. Y en el de *Mojica* dijimos a la pág. 1000: "Quizá si la demandada hubiera presentado

prueba suficientemente fuerte para convencer a la corte de que la finca era suya, aunque figuraba a nombre de Antonio Sánchez Mojica, podría haber surgido un conflicto de títulos."

En el presente caso la demandada, ex concubina del demandante Vélez, no está reclamando derecho alguno sobre la propiedad que ocupa. Aun cuando sus hijos menores de edad no fueron demandados en esta acción, ella alegó y presentó prueba, creída por la corte suficientemente fuerte para tender a demostrar que el codemandante convino con ella en que el producto del premio obtenido se invertiría en comprarles una casa y que, violando dicho convenio se adquirió la misma por el codemandante y su padre; que ella y sus hijos, con el conocimiento y consentimiento del codemandante y de su padre, siempre han vivido en dicha casa desde que la adquirieron hasta que se inició esta acción y continúan viviéndola. Estos hechos, unidos a la forma en que aparece el codemandante vendiéndole a su padre su participación y éste a Juanita Roger, esposa del codemandante, la totalidad de la propiedad, son suficientes a nuestro juicio para sostener la conclusión de la corte inferior. El derecho de propiedad que puedan tener los hijos de la demandada sobre la casa y solar que ocupan con su madre no puede ser resuelto en esta acción de desahucio.

*Debe confirmarse la sentencia.*