JORGE L. MARTÍNEZ VÉLEZ, demandante y apelado, *v.* ANA MARÍA GARCÍA, demandada y apelante.

Número 11335.

*Sometido:* 3 de noviembre de 1954. *Resuelto:* 14 de noviembre de 1955.

*Luis R. Apellániz,* abogado de la apelante; *Luis Miranda Correa,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

Jorge L. Martínez Vélez presentó demanda en el Tribunal Superior, Sala de San Juan, contra Ana María García, solicitando la reivindicación de una finca urbana, casa y solar, así como los frutos producidos o que debió producir dicha finca.  En la primera causa de acción alegó en síntesis, que era dueño de la propiedad en pleno dominio por haberla comprado de Rafael Ubiles Olmeda, esposo de la demandada— quien a su vez la había adquirido siendo soltero—por escritura pública que inscribió en el Registro de la Propiedad, y que la demandada la ocupaba ilegalmente, negándose a entregarla.  En la segunda causa de acción adujo que se le había privado de recibir las rentas de la finca calculadas en $50 mensuales, por los meses de junio a diciembre de 1952 y de enero a febrero de 1953 o sea de la suma de $450.  Contestó la demandada negando las alegaciones esenciales de ambas causas de acción, y como materia de defensa expuso que con anterioridad a la fecha de su matrimonio con Ubiles Olmeda, vivió con éste en estado de concubinato, procreando dos hijos; que mientras existía el concubinato Ubiles Olmeda adquirió la propiedad descrita en la demanda por el precio de $2,150, y que desde entonces la demandada con su esfuerzo y trabajo le ayudó física y económicamente a mejorarla, y a aumentar su precio en el mercado de venta; que ambos convinieron verbalmente en que no se vendería para conservarla para los hijos, y que antes de que Ubiles la enajenara al actor, la demandada comunicó a éste que se oponía a la venta, informándole del convenio verbal entre ella y su esposo.  En su oportunidad se celebró la vista del litigio que fué resuelto por sentencia de la que apeló la parte demandada únicamente.

Ésta la impugna, sosteniendo que el tribunal a quo incurrió en los tres errores que le atribuye.

En el primer apuntamiento asevera que la sentencia "es contraria a derecho, no procediendo la acción reivindicatoria". Rafael Ubiles Olmeda compró la finca a que se refiere la demanda mientras vivía en concubinato con la apelante. Ese estado subsistió desde 1940 hasta 1950, año en que contrajeron matrimonio. El dinero utilizado por Ubiles para comprar dicha finca lo recibió como indemnización por daños sufridos por él en un accidente, y no hay disputa alguna respecto al hecho de que era dinero de su pertenencia. La apelante no aportó un solo centavo para la adquisición del inmueble. Ubiles Olmeda inscribió la finca a su nombre en el Registro de la Propiedad, como bien privativo. Después de adquirirla, y subsistiendo el concubinato, fué mejorada la casa, en parte con dinero de la apelante, que recibía de su trabajo en un taller de costura y de ciertos pequeños negocios que tenía. Aparentemente, en el año 1952, sobrevinieron divergencias matrimoniales entre Ubiles Olmeda y la apelante. Aquél, en junio de ese año vendió la propiedad al apelado, sin que la esposa concurriera en la escritura de venta. El inmueble fué inscrito en el Registro a nombre del comprador. Meses después inició éste el presente litigio.

El tribunal sentenciador una vez oída y apreciada la evidencia que fuera presentada por las partes, resolvió que procedía la acción reivindicatoria, en vista de que el apelado había demostrado ser dueño de la finca, por haberla adquirido de "quien aparecía en el Registro de la Propiedad con pleno derecho a disponer de la misma", "Siendo válido el título del demandante . . .". Llegó, sin embargo, a la conclusión de que la apelante había aportado dinero de su pertenencia para mejorar la casa, en una suma que estimó en $1,250 y que "la equidad y principios fundamentales de derecho imponen la obligación de restituir a la demandada de aquella suma invertida por ésta en dicha propiedad", y le impuso esa obligación al apelado. Reconoció que a éste se le había privado

del uso de la finca "desde el mes de junio de 1952 hasta el momento presente, o sea, por un período de más o menos diez y ocho meses, durante cuyo tiempo la . . . propiedad ha estado ocupada por la demandada", resolviendo que "El valor razonable del alquiler de la . . . casa en el mercado de alquileres . . ., es de Cincuenta Dólares ($50) por mes, habiendo por tanto el demandante dejado de percibir alrededor de NOVECIENTOS DÓLARES ($900) por concepto de alquileres", y que de esa cantidad correspondía a la apelante la mitad, porque por tener ésta "un derecho a que se le restituya aquella suma invertida en la misma, a ella pertenecen de por mitad esos frutos". Por esa razón decidió que el apelado por tal concepto sólo debía recibir $450, cantidad que procedía descontar de los $1,250, en que estimó el montante de las aportaciones hechas por la apelante para mejorar la finca, y como consecuencia de ello ordenó que el primero depositara en el tribunal la cantidad de $800 que habría de serle entregada a la apelante una vez acreditado por ésta que había desalojado la propiedad.

No existe, como hemos dicho, controversia alguna en cuanto a que el inmueble fué adquirido por Ubiles Olmeda, con dinero de su exclusiva pertenencia, mientras vivía en estado de concubinato con la apelante. En lo que ésta se funda para sostener que erró el tribunal a quo al declarar con lugar la acción reivindicatoria, es en que después de haberla comprado Ubiles, ella contribuyó—durante el concubinato—(¹) con su capital y trabajo a mejorar sustancialmente la casa, habiendo acordado con éste *"en invertir su dinero y trabajo en las mejoras de la propiedad, condicionado a participar por partes iguales en los bienes y a que no se vendiera la propiedad sin su consentimiento",* (²) quedando

---

(¹) La apelante declaró que ya en el año 1950, cuando se casó con Ubiles, se habían hecho las reparaciones a la casa y que ésta en dicho año, estaba en las mismas condiciones en que se encontraba el día en que se celebró la vista del litigio.

(²) Mientras la apelante alega en la contestación a la demanda, como se ha visto, que ayudó a Ubiles física y económicamente a mejorar la propiedad y subir su precio en el mercado, habiendo convenido ambos en no

así constituída una comunidad de bienes mediante convenio, por lo que Ubiles sólo podía vender la participación indivisa que tenía en la finca, y no la que correspondía a la apelante, habiendo sido informado el apelado, antes de adquirir, de que aquélla alegaba ser copropietaria de dicha finca. Nos dice que esto es evidente si se considera lo declarado por ella sobre la existencia del convenio creando la comunidad juntamente con las conclusiones de la corte sentenciadora en el sentido de que "las mejoras llevadas a cabo en la propiedad se realizaron en parte con dinero privativo de la demandada", y que "Rafael Ubiles Olmeda y la demandada vivían en estado de concubinato desde el año 1940 y contrajeron matrimonio en el año 1950". (Bastardillas nuestras.)

No incurrió dicho tribunal en el error que se le atribuye. Llegó sin duda a las determinaciones a que alude la apelante, pero concluyó que el apelado había comprado la finca válidamente de quien podía enajenarla. En otras palabras, que la adquirió sin que mediara ninguna circunstancia que le privara del carácter o condición de comprador de buena fe, de aquél que según el Registro, podía venderla, criterio del que no hay por qué discrepar.[3] Aunque no formuló conclusión específica en el sentido de que no se estableció que la apelante

venderla, en el juicio declaró en una ocasión que "yo todo ese dinero que iba recibiendo de mis negocios, pues yo iba dándoselo a él para que él pusiera la casa en buenas condiciones, llevando en cuenta de que fuera para los dos . . .", y en otras ocasiones, que había un acuerdo entre ella y Ubiles de que la propiedad sería de la pertenencia de ambos, sin que pudiera venderla el segundo sin el consentimiento de la primera.

[3] ". . . el mero concubinato no crea interés común en los bienes que adquieren los concubinos", *Torres* v. *Roldán*, 67 D.P.R. 367. Tampoco la sola circunstancia de que uno de ellos dé dinero al otro para mejorar una propiedad de su pertenencia, crea una comunidad de bienes. Ésta se constituye si un hombre y una mujer mientras viven en concubinato convienen, expresa o tácitamente, en sumar sus ingresos y participar por partes iguales en los bienes adquiridos con los mismos, y en tal evento "las cortes exigirán *de la parte* que ha retenido más de lo que le corresponde, de acuerdo con lo convenido, que entregue dicho exceso". *Torres* v. *Roldán*, supra. En ese caso, sobre división de comunidad, también dijimos que ". . . aún en ausencia de un convenio expreso o implícito, con miras a evitar un enriquecimiento injusto por parte del demandado, el demandante tiene derecho a participar, en la proporción que sus fondos hayan contribuído a su adquisición, en los bienes acumulados conjuntamente".

fuera condueña de la propiedad, o en el sentido de que había quedado probado ese hecho, pero no el conocimiento real de su existencia por el apelado, las determinaciones afirmativas de la corte a quo reconociendo el derecho de Ubiles a enajenar, y el derecho del apelado a comprar, y la circunstancia de haberse limitado a imponerle a este último la obligación personal de pagar a la apelante el importe de sus aportaciones —pronunciamiento al que tendremos que referirnos más adelante—llevan consigo por implicación necesaria, la conclusión negativa de que no dió crédito a la evidencia aducida para atacar el título del apelado y poner en tela de juicio su derecho a reivindicar, *Fox* v. *Haarstick*, 156 U.S. 674; *Blue Point Mining Co.* v. *Weissbein*, 244 Pac. 325 (Cal.), derecho que a nuestro juicio le fué correctamente reconocido.

■ Se alega en el segundo señalamiento que erró la Sala de instancia "al determinar que la apelante invirtió en la propiedad la suma de $1,250", sosteniendo que es menor de la que en efecto invirtió. No hay necesidad alguna de resolver si dicha cantidad debió ser mayor, puesto que al apelado no podía imponérsele la obligación de pagar suma alguna a la apelante por concepto de las aportaciones que hiciera para mejorar el inmueble, ni reconocérsele a ésta el derecho a la mitad de las rentas, errores que, sin embargo, no podemos considerar para modificar esos pronunciamientos de la sentencia, ya que el demandante no apeló de la misma. *Puig et al.* v. *Sucesión Polanco*, 16 D.P.R. 741; *F. Gavilán & Cía.* v. *Viuda de Garriga e Hijos*, 38 D.P.R. 416.(⁴)

El tercer apuntamiento, en el que se queja la apelante de que erró el tribunal a quo "al determinar que el valor razonable de la vivienda descrita en este caso es de $50 por mes", va dirigido a la apreciación de la prueba y está totalmente desprovisto de méritos.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Sr. Belaval no intervino.

(⁴) De existir la obligación de pagar a la apelante lo invertido por ella para mejorar la finca, esa obligación sería de Ubiles Olmeda y no del apelado.