Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| NELLY ENID RODRÍGUEZ SUÁREZ EN REPRESENTACIÓN DE EDUARDO RODRÍGUEZ RAMOS, MARCIALA SUÁREZ SANTIAGO Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES QUE AMBOS COMPONEN<br><br>Demandantes - Apelados<br><br>v.<br><br>LUZ N. RAMOS HERNÁNDEZ, ILIANETTE MARIE FONTANEZ RAMOS DEMANDADO ABC<br><br>Demandados – Apelantes | TA2025AP00221 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: CG2025CV02105 (702)<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

Luego de una vista en su fondo, el Tribunal de Primera Instancia ("TPI") declaró con lugar una demanda de desahucio. Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, toda vez que la parte demandada no demostró tener derecho alguno a continuar ocupando el inmueble en controversia.

I.

En junio de 2025, la Sa. Nelly Enid Rodríguez Suarez, como apoderada en representación de sus progenitores, la Sa. Marciala Suárez Santiago y el Sr. Eduardo Rodríguez Ramos (los "Demandantes"), presentaron la acción de referencia, sobre desahucio en precario (la "Demanda"), en contra de la Sa. Luz N.

Ramos Hernández (la "Nuera") y la hija de esta, la Sa. Ilianette Marie Fontánez Ramos (ambas, las "Apelantes" o "Demandadas").

En síntesis, los Demandantes alegaron ser dueños de una propiedad inmueble ubicada en el Barrio Río Cañas del Municipio de Caguas (la "Propiedad" o la "Residencia") y que las Apelantes la ocupaban ilegalmente. Explicaron que adquirieron la Propiedad mediante la Escritura Núm. 2 de 28 de junio de 2024 sobre dación en pago, suscrita con sus nietos (Isandra Rodríguez Ríos, Isander Ian Rodríguez Ríos y Alexander E. Rodríguez Ríos, o los "Nietos"). Los Demandantes expusieron que la Propiedad fue de su hijo fallecido, el Sr. Isander Rodríguez Suarez (el "Hijo"). Afirmaron que le prestaron $42,037.66 al Hijo para adquirir la Propiedad, pero el Hijo nunca pagó la deuda, razón por la cual los Nietos, como herederos del Hijo, suscribieron la escritura en pago de la deuda.

Los Demandantes añadieron que la Nuera era la pareja consensual del Hijo y residió con este en la Propiedad. Luego de la muerte del Hijo, se alegó que la Nuera todavía reside en el lugar, junto con su hija codemandada y sus nietos menores de edad. Los Demandantes alegaron que no existe canon de arrendamiento y que las Apelantes no pagaban por residir en la Propiedad. Plantearon que les enviaron varias comunicaciones escritas a las Apelantes para que desalojaran la propiedad, pero ello no ha ocurrido.

Al cabo de algunos trámites procesales, el 23 de junio, las Apelantes instaron una *Contestación a la Demanda, Moción de Desestimación y Otros Extremos.* En síntesis, alegaron que el Hijo y la Nuera sostuvieron una relación consensual desde el año 2015 hasta la muerte del Hijo el 3 de diciembre de 2022. Sostuvieron que entre el Hijo y la Nuera se constituyó una comunidad de bienes. Plantearon que la escritura de dación en pago era *nula ab initio* por ser fraudulenta y no reconocerle derechos propietarios a la Nuera sobre la Propiedad.

Transcurridos algunos incidentes procesales, el 1 de julio, las Apelantes instaron una *Moción Informativa Notificando Copia de Demanda Donde se Controvierte Título*. Básicamente, informaron que la Nuera había presentado una acción civil sobre división de bienes "hereditarios", por considerarse "viuda" del Hijo, aunque nunca contrajo matrimonio con este. En dicho pleito, aseveró que la Propiedad era el "hogar conyugal" y solicitó que se anulara la declaratoria de herederos donde no fue incluida o que se le compense por el valor que le corresponda en cuanto a los bienes "hereditarios" del Hijo. También reclamó daños ascendentes a $100,000.00.

El 1 de julio, el TPI celebró una vista en la cual las Apelantes solicitaron la desestimación del pleito.

El 14 de julio, los Demandantes instaron una *Moción en Oposición a Desestimación Presentada por la Parte Demandada*. De entrada, los Demandantes reiteraron que el Hijo nunca se casó con la Nuera, sino que estos convivieron por varios años. Por tanto, señalaron que la Nuera no podría tener participación alguna en el caudal hereditario del Hijo. Reiteraron que le prestaron al Hijo el dinero para comprar la Propiedad y que este nunca les devolvió el dinero.[1] Asimismo, adujeron que todas las mejoras realizadas en la Propiedad fueron cubiertas por ellos, pues tienen un negocio de confección y venta de puertas y ventanas. Aseguraron que, aunque el Hijo se comprometió a pagar las puertas y ventanas, nunca lo hizo.

Los Demandantes explicaron que los Nietos fueron declarados únicos y universales herederos del Hijo. Además, detallaron que, el 19 de septiembre de 2023, los Nietos suscribieron con la Nuera un contrato de arrendamiento por un año, para que esta continuara

---

[1] Los Demandantes presentaron copia de la hoja de retiro de Oriental Bank por la suma de $42,037.66. Véase, Anejo 2 de la Entrada [16] de SUMAC.

residiendo en la Propiedad, por un canon mensual de $200.00.[2]  No obstante, la Nuera solo hizo dos pagos, luego de lo cual no ha realizado pago alguno.

Subsiguientemente, debido a las deudas del caudal hereditario con los Demandantes, los Nietos otorgaron la escritura sobre dación en pago y satisfacción de la deuda con los Demandantes.[3]  Mediante dicha escritura, los Demandantes adquirieron el dominio sobre la Propiedad y reclamaron ser los únicos dueños de esta.  Transcurrido el término concedido para que la Nuera desalojara la propiedad, los Demandantes alegaron que le enviaron dos comunicaciones escritas, mediante mensajero.[4]

En vista de lo anterior, los Demandantes plantearon que no existía conflicto de título, debido a que la Nuera no aportó esfuerzo y trabajo para producir o aumentar el valor de la Propiedad.  En la alternativa, los Demandantes arguyeron que, de tener prueba de que realizó alguna aportación para alguna mejora a la Propiedad, le corresponde a la Nuera reclamarle a la sucesión del Hijo, quien no forma parte de este caso, en un pleito de división de comunidad post concubinato.  Destacaron que ello no afecta su derecho a solicitar el desahucio de la Propiedad, pues son los únicos dueños de esta.

Las Apelantes replicaron mediante una *Moción de la Parte Demandada sobre Aceptación de La Demandante De Que No Procede El Desahucio*.

El 17 de julio, el TPI notificó una *Resolución* en la cual rechazó la solicitud de desestimación de las Apelantes.  El TPI emitió las

---

[2] Los Demandantes acompañaron la *Moción* con copia del contrato de arrendamiento.  Véase, Anejo 5 de la Entrada [16] de SUMAC.

[3] Los Demandantes anejaron a la *Moción* una copia certificada de la Escritura Núm. 2 de 28 de junio de 2024 sobre Transferencia de Propiedad Inmueble en Satisfacción de Deuda en Dación en Pago.  Véase, Anejo 7 de la Entrada [16] de SUMAC.

[4] Los Demandantes anejaron a la *Moción* copia de las cartas con fecha de 23 de enero de 2025 y 24 de abril de 2025.  Véase, Anejo 9 de la Entrada [16] de SUMAC.

siguientes determinaciones de hechos que no estaban en controversia:

1. La parte demandante fueron los padres de Isander Rodríguez Suárez, quien sostuvo una relación de convivencia consensual con la demandada Luz N. Ramos Hernández durante años.

2. El señor Isander Rodríguez y la señora Ramos Hernández nunca se casaron.

3. El señor Isander Rodríguez, el 26 de mayo de 2020 en San Juan, Puerto Rico adquirió por compra a través de escritura número 240 de Compraventa y Constitución de Hogar Seguro ante el Notario José E. Franco Gómez la propiedad que se describe a continuación:

> RÚSTICA: Predio de terreno radicado en el Barrio Río Cañas de Caguas, Puerto Rico, compuesto de dos cuerdas, equivalentes a setenta y nueve áreas, sesenta centiáreas y ochenta miliáreas, colindante; por el NORTE, con Concepción Delgado antes, hoy Victorio Ramírez; SUR, Aniceto Fontánez; ESTE, con Eleuterio Benítez Calderón; y OESTE, Marcelo Delgado.

> Inscrita dicha propiedad al Folio ciento cincuenta (150) del Tomo cuatrocientos treinta y nueve (439) de Caguas, Finca número trece mil cero treinta y tres (13,033) Inscripción Primera, de Caguas.

> Enclava una casa en concreto de una sola planta con techo de hormigón que tiene sala-comedor, tres (3) dormitorios, cocina, baño y balcón dedicada a Vivienda. Ver Anejo 8 (certificación registral de la propiedad).

4. El costo de dicha propiedad ascendió a $40,000.00 y la parte demandante emitió el pago de la compra, en concepto de préstamo a su hijo, quien en dicho momento le entregó al fenecido la cantidad de $42,037.66. Dicha cantidad no le fue rembolsada a la parte demandante.

5. Las mejoras realizadas en la propiedad sobre instalación de puertas y ventanas por el señor Isander Rodríguez, fueron cubiertas por la parte demandante en concepto de préstamo. Tampoco el fenecido realizó el pago de dichas puertas y ventanas.

6. El señor Isander Rodríguez Suárez falleció el pasado 3 de diciembre de 2022 en Caguas, Puerto Rico.

7. Los únicos y universales herederos del fenecido lo son sus hijos: Isandra, Isander Ian y Alexander Eduardo, todos de apellidos Rodríguez Ríos, conforme a Resolución sobre Declaratoria de Herederos en el caso civil CG2023CV02377.

8. Los herederos Isander Ian y Alexander Eduardo Rodríguez Ríos le concedieron facultades a la señora Isandra Rodríguez Ríos para que los representaran en asuntos relacionados a la sucesión de su señora (sic) padre.

9. Isandra Rodríguez Ríos y la demandada Luz N. Ramos Hernández suscribieron Contrato de Arrendamiento el 19 de septiembre de 2023.

10. La demandada Luz N. Ramos Hernández se comprometió a pagar una renta ascendente a $200.00 mensuales, por el término de un año.

11. La parte demandada pagó dos meses de renta.

12. Surge de dicho contrato en su párrafo segundo que los herederos y la demandada reconocieron que estos primeros eran los únicos dueños de la propiedad.

13. Posteriormente, los herederos otorgaron escritura número 2 sobre Transferencia de Propiedad Inmueble en Satisfacción de Deuda en Dación en Pago, ante el Notario José Ángel Velázquez Grau, el 28 de junio de 2024 en el Municipio de Caguas, en donde le transferían a los demandantes el título de la propiedad en cuestión.

14. Según se desprende de certificación registral provista, los únicos propietarios registrales de la propiedad son los demandantes.

15. Los demandantes le solicitaron en al menos dos ocasiones a la demandada que desalojaran la propiedad.

16. Al día de hoy, la parte demandada sigue ocupando el inmueble.[5]

Por otro lado, el TPI resolvió que los siguientes hechos estaban en controversia:

1. Si entre la demandada Luz N. Ramos Hernández existió una comunidad de bienes.

2. Si la demandada Luz N. Ramos Hernández debió ser incluida como una de las herederas de Isander Rodríguez Suárez.

3. Si la demandada Luz N. Ramos Hernández posee una participación en el inmueble.

4. Si la parte demandante puede desahuciar a la parte demandada.[6]

---

[5] Véase, *Resolución*, Entrada [19] de SUMAC, págs. 2-4.
[6] *Íd.*, a la pág. 4.

Evaluada la norma jurídica aplicable a la comunidad hereditaria y el concubinato, el TPI concluyó como sigue:

Conforme al derecho antes mencionado, la parte demandada no es una legitimaria del caudal hereditario del señor Rodríguez Suárez, pues ésta no contrajo nupcias con el fenecido. A pesar de haber vivido en público concubinato con el señor Rodríguez Suárez, la demandada Luz N. Ramos no adquirió derechos con dicha unión. La demandada no fue incluida en la Resolución de Declaratoria de Herederos antes mencionada, ya que su inclusión hubiese sido contraria a derecho. De la demandada Luz N. Ramos Hernández tener alguna causa de acción relacionado al caudal hereditario, sería la solicitud de aplicación de créditos y no así una participación hereditaria. En dicho caso, le correspondería a la demandada realizar alguna reclamación judicial en contra de los herederos del fenecido y no en contra de los aquí demandantes. Ello no impide ni obstaculiza el derecho de la parte demandante, única propietaria del inmueble, de solicitar el desahucio de la parte demandada en la propiedad.

[...] Las alegaciones de la demandada no fueron sustentadas con prueba fehaciente que demostrara que ésta es participante en la titularidad del inmueble. De hecho, existe una aceptación expresa de la demandada Luz N. Ramos Hernández de que ésta no es ni propietaria ni tiene participación alguna en el inmueble en cuestión, al haber otorgado contrato de arrendamiento sobre la propiedad con los herederos y al haber pagado, aunque fuere en dos ocasiones, canon de arrendamiento.[7]

Al cabo de algunos incidentes procesales que no resulta necesarios pormenorizar, el 5 de agosto, se celebró una vista evidenciaria.

El 6 de agosto, el TPI notificó una *Sentencia* en la cual declaró con lugar la Demanda. Formuló las siguientes determinaciones de hechos:

1. La parte demandante adquirió la propiedad ubicada en Carr. 795 KM 2.6 Sector Mesa, Bo Río Cañas en el Municipio de Caguas, Puerto Rico a través de Escritura de Transferencia de Propiedad Inmueble en Satisfacción de Deuda en Dación en pago, otorgada el 28 de junio de 2024 ante el Notario José A. Velázquez Grau.

2. El titular anterior de la propiedad lo era el hijo de las partes, quien falleció.

---

[7] *Íd.*, a las págs. 8-9.

3. Los nietos de la parte demandante, herederos del hijo de estos, entregaron la propiedad a los demandantes registralmente, ya que estos habían provisto el dinero para que su hijo adquiriera la propiedad.

4. La demandada Luz N. Ramos laboró en el negocio de fabricación de puertas y ventanas pertenecientes a los demandantes.

5. La demandada Luz N. Ramos Hernández residió en la propiedad junto al fallecido hijo de los demandantes, Isander Rodríguez Suárez.

6. En la propiedad también está residiendo la demandada Ilianette Marie Fontánez Ramos junto a los hijos menores de edad de ésta.

7. Luego de la otorgación de la escritura, los demandantes dialogaron con la demandada Luz N. Ramos Hernández concediéndole un plazo de tres meses para desalojar la propiedad. En dicho momento la demandada Ramos Hernández se encontraba laborando para los demandantes.

8. La señora Ramos Hernández abandonó su trabajo en el negocio de los demandantes y estos nunca volvieron a tener comunicación con ésta.

9. Ha transcurrido un año desde la primera vez que los demandantes le requirieron el desalojo de la propiedad a la parte demandada.

10. La parte demandante le hizo requerimientos escritos a la demandada Ramos Hernández para que se desocupara la propiedad, entregados a través de un mensajero de forma personal.

11. Ninguna de las comunicaciones enviadas por los demandantes fue contestada por la parte demandada.

12. No existe contrato de arrendamiento suscrito entre las partes.

13. Los únicos titulares de la propiedad, conforme a la certificación registral presentada, son los demandantes.

14. La parte demandada no compareció como adquiriente en la escritura de Compraventa que suscribió el fallecido Isander Rodríguez.

15. La parte demandada no realizó aportación alguna para la compra de la propiedad.

16. La parte demandada no fue deudora de dinero adquirido a través de préstamo para la adquisición de la propiedad.

17. La parte demandada no es titular de la propiedad en cuestión.[8]

---

[8] Véase, *Sentencia*, Entrada [24] de SUMAC, págs. 1-6.

Así pues, el TPI concluyó que los Demandantes eran los dueños de la Propiedad y, por ende, podían promover la acción de desahucio. Mientras que la Nuera no tenía derecho alguno sobre la herencia del Hijo o sobre la Propiedad. El TPI ordenó el desalojo y que se le notificara a los Departamentos de la Vivienda y Familia. También le impuso a las Apelantes el pago de $1,000.00 por concepto de gastos y costas del pleito.

En desacuerdo, el 9 de agosto, la Nuera presentó la apelación que nos ocupa; formuló los siguientes señalamientos de error:

Primer Señalamiento de Error:
Erró el TPI al declarar NO HA LUGAR la primera Solicitud de Desestimación basada en Título de la demandada sobre bienes hereditarios de su concubino Isander Rodríguez Suárez.

Segundo Señalamiento de Error:
Erró el TPI al DECLARAR NO HA LUGAR la segunda Solicitud de Desestimación basada en Título sobre bienes propios de la demandada sobre bienes propios de su concubino Isander Rodríguez Suárez.

Tercer Señalamiento de Error:
Erró el TPI al apreciar la prueba a la luz del derecho vigente pues el demandante Eduardo Rodríguez Suarez declaró que le habían informado hacía como un año atrás (a la fecha de la vista de Desahucio) que en la propiedad vivía otra persona, en adición a las demandadas (José De Jesús Ramos) y dicho ocupante NUNCA fue traído al pleito, por lo cual faltaba parte indispensable.

Cuarto Señalamiento de Error:
Erró el TPI al no desestimar el procedimiento ante la declaración del Demandante Eduardo Rodríguez Suarez de que conocía, antes de la radicación de la demanda, de que José De Jesús Ramos vivía en el inmueble objeto del Desahucio y no lo incluyó en la Demanda pese a que incluyó una parte denominada "Demandado ABC" y a la alegación 4 y 7 hizo referencia en su Demanda que tan pronto adviniera en conocimiento del nombre del Demandado ABC, se enmendaría la demanda.

Quinto Señalamiento de Error:
Erró el TPI al no permitir que se ofreciera prueba, en el juicio, sobre aportaciones de la demandada a la comunidad de Bienes y sobre su titularidad.

Sexto Señalamiento de Error:
Erró el TPI al imponer honorarios de abogado.

Séptimo Señalamiento de Error:

Erró el Tribunal al sostener determinaciones de hechos que no están basadas en la evidencia desfilada en juicio.

[Octavo] Señalamiento de Error:
No permitió preguntar por el Poder.

Las Apelantes también solicitaron la paralización de los procedimientos, en auxilio de nuestra jurisdicción. Mediante una *Resolución* del 11 de agosto, ordenamos la paralización de los procedimientos ante el TPI.

Oportunamente, los Demandantes presentaron su alegato en oposición. Resolvemos.

II.

El desahucio es un procedimiento mediante el cual el dueño de una propiedad solicita el lanzamiento de un ocupante que, sin pagar canon o merced alguna, retiene la posesión de hecho del inmueble. *ATPR v. SLG Volmer-Mathieu*, 196 DPR 5, 10 (2016); 32 LPRA sec. 2822. El Código de Enjuiciamiento Civil reglamenta el procedimiento sumario de desahucio, "que responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad". *Íd.* a la pág. 9; 32 LPRA secs. 2821-2838.

El procedimiento sumario persigue únicamente la recuperación de la posesión. Cualquier otra reclamación o causa de acción, como sería un conflicto de título, debe verse en un pleito ordinario. *CRUV v. Román*, 100 DPR 318, 321 (1971); *Martínez v. Dalmau Andrades*, 93 DPR 191, 193 (1966). Tal conflicto existe cuando el demandado opone un título de dominio que justifique que su posesión no es la de arrendatario, administrador, custodio o precarista. *Martínez*, 93 DPR a la pág. 194. "La característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales." *Turabo Ltd. Partnership v. Velardo*

*Ortiz*, 130 DPR 226, 245 (1992). Esto conlleva la reducción de términos, usualmente jurisdiccionales, y la eliminación de ciertos trámites procesales que extienden y complican el proceso. No obstante, se preservan ciertas garantías imprescindibles, como la necesidad de emplazar al demandado, darle una oportunidad para que conteste la demanda y celebrar una vista en la cual este pueda ofrecer prueba y refutar las alegaciones del demandante.

Al igual que en un procedimiento ordinario, el demandado tiene que alegar cualquier defensa en la contestación a la demanda. 32 LPRA sec. 2826. Algunas defensas reconocidas en procedimientos sumarios de desahucio son que: 1) el título del alegado dueño es nulo o inexistente, 2) el demandante no practicó el ajuste anual de la renta que exige la Sección 8 del Housing and Community Development Act, 42 USC sec. 1437 f, 3) el demandado tiene derecho de retención sobre la propiedad por haber realizado reparaciones necesarias con anuencia del arrendatario, y 4) el demandado tiene posesión del inmueble a base de un título distinto al de arrendamiento. *Escudero v. Guzmán*, 96 DPR 299 (1968); *CRUV v. Román*, 100 DPR 318 (1971); *Marín v. Montijo*, 118 DPR 733 (1987).

Sin embargo, distinto al pleito ordinario, en la acción sumaria, presentada la demanda, "se mandará a convocar al actor y al demandado para comparecencia [y juicio], que deberá celebrarse dentro de los diez (10) días siguientes". 32 LPRA secs. 2826, 2824. Expuestas las posturas y presentada la prueba, el tribunal tiene diez (10) días para dictar sentencia. *Íd.*

Usualmente, el disfrute o la posesión precaria se origina por liberalidad o mera tolerancia, o por abandono o desconocimiento del propietario. *El Pueblo de Puerto Rico v. Giorgetti & Co.*, Ltd., 46 DPR 61 (1934). Un desahucio en precario procede cuando el demandante presenta la acción contra una persona que no ostenta título o

derecho alguno sobre el bien. Así, este tipo de desahucio ocurre cuando no existe conflicto de títulos sobre el terreno cuya posesión se reclama y cuando el demandado no posee "derecho o título alguno que justifique su ocupación del terreno ajeno donde enclava la estructura". *CRUV*, 100 DPR a la pág. 324.

III.

Concluimos que procede la confirmación de lo actuado por el TPI, pues las Apelantes ni siquiera han alegado que existan hechos incompatibles con la determinación medular del TPI a los efectos de que estas no tienen título alguno que impida su desahucio de la Propiedad. La reclamación sobre un posible crédito contra el caudal del Hijo se debe ventilar, y de hecho se está ventilando, en una acción independiente.

En efecto, no se ha alegado que exista un contrato de arrendamiento, o algún otro acuerdo entre las partes, que pudiese permitirle a las Apelantes permanecer en la Propiedad. A la luz de lo alegado por las Apelantes, tampoco hay controversia sobre el hecho de que los Demandantes son los únicos dueños de la Propiedad. Es decir, las Apelantes no demostraron que exista un conflicto de título o que tengan un derecho que justifique su ocupación de la Propiedad.

Contrario a lo planteado por la Nuera, el hecho de que esta conviviera con el Hijo por varios años no crea un derecho sucesorio a su favor en el caudal del Hijo. Por consiguiente, no tenía que ser incluida en el trámite de declaratoria de herederos del Hijo.

Lo relacionado con la reclamación de un crédito a su favor, en conexión con una supuesta comunidad de bienes entre la Nuera y el Hijo, puede y debe adjudicarse en una acción civil independiente. En el caso particular de un inmueble, los derechos de un concubino se determinan teniendo en cuenta factores tales como: si el bien inmueble fue comprado por dinero privativo de una parte, si el bien

inmueble fue inscrito en el Registro de la Propiedad a nombre de una de las partes y si los pagos realizados en cuanto a contribuciones, agua, alumbrado y las mejoras realizadas al mismo se hicieron con dinero privativo. *Martínez Santiago*, 93 DPR a la pág. 195; *Torres v. Roldán*, 67 DPR 367, 370 (1947). De igual manera, y dentro del contexto de determinar la participación sobre un terreno en el que se construyó un bien inmueble, se evaluaron "las libretas bancarias que evidenciaban el retiro de la cantidad de dinero necesario para la compra del solar en cuestión" y, además, la aportación de bienes o servicios para la adquisición del terreno al establecer el carácter privativo. *Torres Vélez v. Soto Hernández*, 189 DPR 972, 990 (2013).

En el caso de autos, las Apelantes no han alegado, ni mucho menos demostrado, que aportaran dinero alguno para comprar la Propiedad. Tampoco demostraron que la Propiedad esté, o hubiese estado, inscrita a su nombre en el Registro de la Propiedad o que hicieran pagos de contribuciones, utilidades y mejoras. Por el contrario, los Demandantes demostraron que le dieron al Hijo el dinero para adquirir la Propiedad y también le facilitaron las puertas y ventanas para hacerle mejoras a dicho inmueble. Además, al suscribir con los Demandantes un contrato de arrendamiento de la Propiedad en calidad de arrendataria (en conexión con el cual pagó solamente dos mensualidades), la Nuera explícitamente admitió que no es dueña de la Propiedad.

Por tanto, al no haberse alegado hecho alguno que pudiese sustentar la escueta alegación de la Nuera a los efectos de que tiene un interés propietario sobre la Residencia, no existe conflicto de título que le impidiese a los Demandantes solicitar el desahucio de las Apelantes. Meras alegaciones y teorías no constituyen prueba. *U.P.R. Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1013 (2012), citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 509-510

(2011) y *Alberty v. Bco. Gub. de Fomento*, 149 DPR 655, 671 (1999); *Asoc. Auténtica Empl. v. Municipio de Bayamón*, 111 DPR 527, 531 (1981).   Resaltamos que, de existir una comunidad post concubinato, la acción de liquidación, en todo caso, no sería contra los Demandantes, sino contra los herederos del Hijo.[9]

Finalmente, no tienen razón las Apelantes al plantear que las otras personas que viven en la Propiedad son partes indispensables en este caso.   Ello porque su presencia no es necesaria para conceder a los Demandantes el remedio que han solicitado **contra las Apelantes**.   Es decir, no se trataría de personas "sin cuya presencia no pueda adjudicarse la controversia...". 32 LPRA Ap. V, R. 16.1[10].

IV.

Por los fundamentos que anteceden, se confirma la sentencia apelada y se deja sin efecto la paralización de los procedimientos decretada el 11 de agosto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Tomamos conocimiento judicial de que la Nuera presentó un pleito sobre división de comunidad de bienes en contra de los herederos del Hijo.

[10] En atención a nuestras conclusiones de derecho, y a la naturaleza de las alegaciones fácticas y la argumentación de las Apelantes, concluimos que nada de lo planteado por estas, relacionado con la apreciación de la prueba oral o la supuesta exclusión de prueba ofrecida en la vista de desahucio, podría conllevar la revocación de la sentencia apelada.