No. 5622.—BUITRAGO, apldo., *v.* GONZÁLEZ, aplte.—C. D. Guayama. ▮▮▮▮▮▮ Febrero 15, 1932.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, el único señalamiento de error es:

"Que la corte inferior incurrió en manifiesto error al declarar con lugar la demanda, porque apareciendo de las alegaciones y de la evidencia presentada, admitida como cierta por la misma corte, que existe un conflicto de títulos, es bien claro, de acuerdo con la constante jurisprudencia de esta Hon. Corte Suprema, que no es el juicio de desahucio el apropiado para resolverlo, sino el juicio declarativo, el cual ofrece las necesarias garantías de defensa e información:"

POR CUANTO, la parte pertinente de la relación del caso y opinión archivada por el juez de distrito lee como sigue:

"La prueba presentada en conjunto tiende a demostrar que Juana Quiñones vivió en concubinato con el demandado Jesús María González adquiriendo dicha casa y que posteriormente contrajeron matrimonio ambos concubinos.

"Que la referida casa fué reparada con dinero que se dice pertenecer al demandado hasta la suma de seiscientos dólares.

"Aun aceptando que estos hechos sean ciertos y que el demandado hubiese empleado en reparar la casa en cuestión ciertas cantidades de dinero, entendemos que ese hecho de por sí no le da un título sobre dicha propiedad y que a lo sumo él tendría una causa de acción en contra de Juana Quiñones para reclamar y obtener de ésta el importe del dinero que hubiese empleado en dichas mejoras, no apareciendo de la prueba presentada que existiera entre el demandado y la Juana Quiñones un convenio expreso por virtud del cual ésta cediera a aquél y a cambio del dinero invertido en dicha propiedad por concepto de mejoras, un condominio o participación en la misma y que este hecho que supone una transferencia de dominio a favor del referido González se hiciera constar de una manera clara y eficaz para poder llegar a la conclusión de que la propiedad en cuestión dejó de pertenecer en su totalidad a la referida Juana Quiñones y vino a convertirse en un bien común perteneciente a ambos concubinos.

"Por tal razón la corte entiende que habiendo acreditado suficientemente el demandante por medio de un título escrito y otorgado ante notario, que adquirió la finca en cuestión de Juana Quiñones, quien a su vez, a nuestro juicio, tenía la propiedad total de la misma y el derecho para transmitirla a quien tuviere por conveniente, él tiene derecho a establecer la presente acción de desahucio y a obtener la posesión de la finca en cuestión, según lo solicita y procede por tanto declarar con lugar la demanda de desahucio presentada en este caso, ordenándose que el demandado desaloje y deje a la libre disposición del demandante la finca en cuestión dentro del término de 15 días a partir de la fecha en que la sentencia sea firme, apercibido de lanzamiento si no lo verificare, debiendo registrarse sentencia de conformidad por el secretario, de acuerdo con los términos de la presente opinión; con las costas al demandado."

POR CUANTO, estamos conformes que del mero hecho de haber invertido el concubino algún dinero en reparaciones o mejoras hechas en una casa propiedad exclusiva de su concubina, vendedora del demandante en un procedimiento de desahucio, no surge ningún conflicto de títulos:

POR TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de Guayama en diciembre 15, 1930.