ENGRACIA TORRES, Plaintiff and Appellant, *v.* JESÚS ROLDÁN, Defendant and Appellee.

No. 9409. Argued May 1, 1947.—Decided May 23, 1947.

*G. Cruzado Silva* for appellant. *B. Sánchez Castaño* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for division of property owned in common. In her complaint the plaintiff alleges the following: The plaintiff and the defendant lived in concubinage from 1925 to 1935. They established a community of property by working and saving part of the money from their respective activities. The plaintiff's work was the raising of pigs, poultry and cows. The defendant's work was the sale of bread from

door to door. With their profits they formed a common fund of $400. With part of this sum they bought a lot, on which they subsequently built a house which was sold for $1,500. They bought a house worth $300 with part of the $1,500. With the rest of the money and subsequent savings from the activities of both of them which the defendant kept, the latter built another house worth $2,500. When the community of property was terminated in 1935 because their concubinage ceased, its assets were approximately $3,000, including the $300 and $2,500 houses. The prayer is for an equal division between the plaintiff and defendant of the property owned in common.

The defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The district court granted the motion and entered judgment for the defendant. The plaintiff appealed from this judgment.

██ A conjugal partnership is created by operation of law in this jurisdiction only by marriage; a community interest in property therefore cannot be predicated solely on concubinage. Sections 1295–1326, Civil Code, 1930 ed.; *Correa* v. *Quiñones,* 29 P.R.R. 47, 49; *Morales* v. *Cruz,* 34 P.R.R. 796, 799; see *Vallera* v. *Vallera,* 134 P.(2d) 761 (Calif. 1943); *Blache* v. *Blache,* 160 P.(2d) 136, 140 (Calif. 1945).[1]

However, if a man and woman living in concubinage agree, expressly or impliedly, that they will pool their earnings and share equally the ownership of property purchased therewith, the courts will require the party retaining more than

[1] As to the rights based on a putative marriage, cf. *Vallera* v. *Vallera, supra; Blache* v. *Blache, supra; Fung Dai Kim Ah Leong* v. *Lau Ah Leong,* 27 F.(2d) 582 (C.C.A. 9th., 1928) certiorari denied *Lau Ah Leong* v. *Fung Dai Kim Ah Leong,* 278 U. S. 636, reversing *Ah Leong* v. *Ah Leong,* 29 Haw. 770 (1927); 31 A.L.R. 424; 75 A.L.R. 732; De Funiak on Community Property, § 56, pp. 124–130, and authorities cited therein; 5 Williston On Contracts, (Rev. ed. 1938) § 1631, footnote 3, pp. 4569–70; 20 Calif.L.Rev. 453; 9 Calif.L.Rev. 68; 13 Cornell L. Q. 282. Compare § 1315, Civil Code, 1930 ed.

344

his share as provided in the agreement to disgorge the same. *Vallera* v. *Vallera*, 134 P.(2d) 761, 763, 166 P.(2d) 893 (Calif. 1943, 1946); *Delamour* v. *Roger*, 7 La. Ann. 152, 155 (1852); *Mitchell* v. *Fish*, 134 S.W. 940 (Ark. 1911); 36 *L.R.A.* (N.S.) 838; 75 *A.L.R.* 732, 740–741; 20 Calif.L.Rev. 453–54; De Funiak, *supra*, § 56, p. 129, footnote 29; Evans, Property Interests Arising from Quasi–Marital Relations, 9 Cornell L.Q. 246, 263–65. See §§ 326–340, Civil Code, 1930 ed.; *Morales* v. *Cruz*, 34 P.R.R. 796–804.

Moreover, even in the absence of such an express or implied agreement, in order to avoid unjust enrichment of the defendant, the plaintiff is entitled to share in the property jointly accumulated, in the proportion that her funds contributed toward its acquisition. *Vallera* v. *Vallera*, *supra*, p. 763; *King* v. *Jackson*, 164 P.(2d) 974 (Okl. 1946); *Bracken* v. *Bracken*, 217 N. W. 192 (S.D. 1927); *Hayworth* v. *Williams*, 116 S.W. 43 (Tex. 1909); *Ah Leong* v. *Ah Leong*, *supra;* 6 Williston, *supra*, § 1791, p. 5091; 5 Williston, *supra*, § 1631, footnote 3, pp. 4569–70. See *Compañía Popular* v. *District Court*, 63 P.R.R. 116, 121–24.

In entering judgment for the defendant, the district court cited *Correa* v. *Quiñones*, 29 P.R.R. 47, 49; *Morales* v. *Cruz*, 34 P.R.R. 796, 800, 804; *Santos* v. *Matos*, 39 P.R.R. 838, 839; *Mojica* v. *González*, 43 P.R.R. 956; *Buitrago* v. *González*, 43 D.P.R. 1024 (*Per Curiam*).

 *Morales* v. *Cruz*, *supra*, was an action as here by a former concubine to recover property. It holds that such an action may not be based solely on concubinage. And citing, as we do here, *Mitchell* v. *Fish*, *supra*, *Delamour* y. *Roger*, *supra*, and 36 L.R.A. (N.S.) 838, the *Morales* case likewise apparently recognized at pp. 800–04 that an agreement between a man and woman to share property acquired by them while living in concubinage is valid.[2] Up to this point we have no difficulty with the *Morales* case.

---

[2] Apparently to the same effect, *Vázquez* v. *Camacho*, 43 P.R.R. 632.

But although not so clear as it might be, the opinion in the *Morales* case seems also to hold at p. 804 that a concubine may not recover, in the absence of an agreement, her proportionate share of property even if she contributed specific capital and labor toward its purchase price. In view of the foregoing, this last holding, if it be such, is overruled.

The *Morales* case was affirmed by the Circuit Court of Appeals. *Morales* v. *Vélez*, 18 F.(2d) 519 (C.C.A. 1st., 1927). But the majority opinion in the Circuit Court states specifically that the affirmance of our judgment is based on our findings of fact (1) that there was no agreement between the parties to share the property acquired during the concubinage and (2) that the work of the plaintiff was merely incidental to her status as concubine. On the other hand, there is a vigorous dissent pointing out that even in the absence of an agreement, the plaintiff was entitled to receive "the value of the property and services she has added to the estate." (p. 521). The dissent relies on some of the cases which we have followed herein in overruling *pro tanto* the *Morales* case. The majority opinion in the Circuit Court is distinguishable because it affirmed us by accepting our findings of fact. But even if the majority opinion is construed as laying down a rule of law by following our views on this point in the *Morales* case, it is nevertheless appropriate for us in this case to correct the error we made in the *Morales* case. See *Díaz* v. *P. R. Ry., Light & Power Co.*, 63 P.R.R. 776, 783–85.

The *Correa, Santos, Mojica,* and *Buitrago* cases were all unlawful detainer proceedings. We need not re-examine them here, except to state that none of them holds that a community of property may not be created between a man and his concubine by agreement or that a woman may not demand her share of property produced in part by her capital or labor even without an agreement.

The plaintiff is entitled to her day in court in order to prove if she can either (1) that she and the defendant had

agreed to share the property they accumulated, or (2) that even without such an agreement she contributed certain labor or capital which entitle her to a specific, although not necessarily equal, share in the property involved.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Marrero did not participate herein.