ANTONIA MARTÍNEZ SANTIAGO, Plaintiff and Appellant, v. PEDRO DALMAU ANDRADES, Defendant and Appellee.

No. R-64-255.        Decided February 18, 1966.

*Jaime Escanellas* for appellant. Appellee did not appear.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Superior Court, San Juan Part, rendered judgment dismissing a complaint of unlawful detainer at sufferance filed by appellant Antonia Martínez Santiago against appellee Pedro Dalmau Andrades. At the hearing of the case in the trial court the parties stipulated the following facts:

"(1) That under contract executed before Notary Public on September 26, 1947, plaintiff bought with her separate funds a property located at 215 Laguna Street, Barrio Playita, San Juan, Puerto Rico.

(2) That by the middle of the year 1960 plaintiff started to live in concubinage with defendant, and both lived with their children on plaintiff's property.

(3) That during the time that the parties lived together substantial improvements were made to the property, among them the concrete floor and bathroom, concrete porch and front wall, and enlargements which increased the dimensions of the house to 24 feet wide by 40 feet long.

(4) That said improvements and enlargements were made with the separate money of each party."

The trial court decided that although it was true that the property object of the litigation "was plaintiff's separate property, substantial repairs and extensions had been made to the property, to which both plaintiff and defendant had

contributed, for which reason defendant owns part of said property, a conflict of titles arising therefrom between the rights of the parties to said property."

The action of unlawful detainer was brought by plaintiff subsequent to her abandonment of domicile as a result of misunderstandings between her and the defendant.

■ We have repeatedly held that an unlawful detainer at sufferance does not lie where there is conflict of titles between plaintiff and defendant.[1] However, that conflict does not exist in the present case. Defendant's alleged title of ownership is exclusively supported by his monetary contribution for the repairs and enlargements made to the property in controversy.

■■ In *Cruz* v. *Sanz*, 67 P.R.R. 160 (1947), this Court held, citing a decision of the Supreme Court of Spain that "there can be a conflict of titles only when the defendant claims a title of ownership which tends to justify that his possession of the property is not as lessee, administrator, guardian of the realty nor *in precarium*, that is, without title, by the tolerance of the owner and without paying any rent or consideration whatsoever." It has also been held by this Court that the mere allegation of title without some evidence thereof is insufficient to defeat the action of unlawful detainer. *Pérez* v. *Castro*, 52 P.R.R. 263, 271 (1937).

■■ In the case of *Correa* v. *Quiñones*, 29 P.R.R. 47 (1921), the action of unlawful detainer brought by plaintiff therein against her ex-paramour did not prosper, but in that case it was alleged and proved: (1) that the house belonged to both plaintiff and defendant in undivided co-ownership since it was constructed with funds belonging to both parties

---

[1] *Díaz et al.* v. *Morales*, 39 P.R.R. 65 (1929), and cases cited therein; *Heirs of Dávila* v. *Collazo*, 41 P.R.R. 173 (1930); *Escudero* v. *Mulero*, 63 P.R.R. 551 (1944); *Ríos* v. *Román*, 71 P.R.R. 193 (1950), and cases cited therein; *Vélez* v. *Franqui*, 82 P.R.R. 735 (1961).

while they were living in concubinage, and (2) that upon termination of their concubinage plaintiff agreed to surrender half of the house to defendant or that she would keep the house and pay him one hundred dollars for his participation in the same, and that he could stay in the house until he received payment for said amount. In *Schuck* v. *Verdejo*, 43 P.R.R. 64 (1932), this Court had already held that proof to the effect that defendant had lived in the house object of the unlawful detainer for more than thirty years and made some repairs thereon is not sufficient to raise a conflict of titles to defeat the action brought. Our Civil Code does not contain regulatory provisions as to concubinary relations relating to dominion of property acquired by them during said relations.[2] However, we have acknowledged some participation of one of the concubines in the property acquired during the concubinary relations always grounded on the contract entered into between the concubines, and, in the absence of any contract, in the labor and effort of each one of them toward its acquisition;[3] but in the present case the house was acquired by plaintiff before starting to live in concubinage with defendant and his subsequent investments were used for making the improvements.

■ Defendant's contribution for the improvements to the property during the concubinage does not confer upon him dominion title over said property in the absence of a contract to that effect. Any credit defendant might have against plaintiff, in relation to this, cannot be considered as dominion title, in which sole case a conflict would arise which cannot be decided in an action of unlawful detainer at sufferance.

---

[2] A partnership to real estate cannot be constituted by the mere existence of a concubinage. *Santos* v. *Matos*, 39 P.R.R. 838 (1929); nor does the mere existence of a concubinage create a conflict of titles; *Mojica* v. *González*, 43 P.R.R. 956 (1932).

[3] *Pérez* v. *Cruz*, 70 P.R.R. 890 (1950); *Torres* v. *Roldán*, 67 P.R.R. 342 (1947); *Pereles* v. *Martinó*, 73 P.R.R. 793 (1952).

■ In a per curiam decision in the case of *Buitrago* v. *González*, 43 *D.P.R.* 1024 (1932) this Court agreed with the reasoning of the trial court to the effect that:

"Even accepting these facts as true and that defendant had invested certain amounts of money in repairing the house in question, we understand that said fact in itself does not give him title over said property and that at the most he would be entitled to a cause of action against Juana Quiñones to claim and obtain from her the amount of money he had invested in said improvements, in the absence of evidence that there existed between defendant and Juana Quiñones an express agreement by virtue of which she would cede to him, in exchange for the money invested in repairs of said property, a co-ownership or participation therein and that this fact which entails a transfer of dominion in favor of said González should have been stated clearly and effectively in order to reach the conclusion that the property in question ceased to be wholly the separate property of said Juana Quiñones and became a common property of both concubines.

"For this reason the court understands that defendant having sufficiently established by means of a written title executed before a notary, that he acquired the property in question from Juana Quiñones, who in turn, in our opinion, had full ownership thereof and the right to transfer it to whomever she desired, he is entitled to bring the present action of unlawful detainer and obtain the possession of the property in question as he requests and, hence it is proper to sustain the complaint of unlawful detainer brought in this case. . . ."

Once more we ratify this doctrine. Consequently the judgment appealed from will be reversed and another rendered decreeing the eviction of defendant.