FRANCISCO M. TRONCOSO Y SU HERMANA LEONOR TRONCOSO
Demandantes

v.

ANTONIO BLANCO, DON FENDLER, DIRECTOR EJECUTIVO,
CENTRO DE DIANETICA H/N/C RELIGIOUS TECHNOLOGY CENTER
Demandados

Núm. KLAN-95-00164

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

Antonio Blanco y otros ("Blanco") apelan de una Sentencia del Tribunal de Primera Instancia, anterior Tribunal de Distrito, Sala de San Juan, que decretó su desahucio de un local perteneciente a los apelados Francisco y Leonor Troncoso *("Troncoso")*. Examinado el recurso, desestimamos por falta de jurisdicción.

Las partes suscribieron un contrato de arrendamiento mediante el cual se arrendó un área de uso comercial. El contrato tenía una duración de (1) año prorrogable por otro año. Durante el arrendamiento, Blanco realizó unas mejoras en el local y edificó una nueva estructura colindante a éste, con el conocimiento de Troncoso. Finalizado el término del contrato, el arrendador notificó que se había opcionado el local para la venta y solicitó el desalojo. Habida cuenta que Blanco no desalojó el local, Troncoso solicitó su desahucio, a lo cual accedió el Tribunal de Instancia. De dicho dictamen recurrió Blanco.

Troncoso solicita la desestimación del presente recurso por falta de jurisdicción. Aduce que Blanco no depositó la fianza para apelar de sentencia de desahucio dispuesta por el Artículo 632 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2832■

El requisito de fianza dispuesto por el Artículo 632 es jurisdiccional. De no depositarse la fianza dentro del término dispuesto para apelar, el Foro apelativo carece de jurisdicción para entender en el recurso. *González v. López,* 64 D.P.R. 944 (1949).

Blanco no depositó la fianza. Sin embargo, alega que ello es innecesario porque, en este caso, a su juicio, existe una disputa en cuanto al título que debe dilucidarse en una acción ordinaria. Diferimos .

El conflicto de título no se produce con meramente alegarlo. *C.R.U.V.v. Román,* 100 D.P.R. 318, 321 (1971).

Los derechos del arrendador no están a merced de una alegación sin base en la prueba. *Mora Dev. Corp. v. Sandín,* 118 D.P.R. 733, 749 n. 10 (1987). Corresponde al demandado presentar evidencia que lleve al ánimo del juzgador una razonable certeza de los méritos de su defensa. *Marín v. Montijo,* 109 D.P.R. 268, 278 (1979). En ausencia de prueba, procede la acción de desahucio. *Rivera v. Santiago,* 56 D.P.R. 381, 384 (1940); *Pérez Pimentel v. Castro,* 52 D.P.R. 274, 282 (1937); R. Elfren Bernier, *El derecho de accesión en Puerto Rico,* 1970, págs. 98-99.

Blanco adujo prueba de haber construido, con el consentimiento del arrendador, una nueva estructura de aproximadamente 700 pies cuadrados de cemento armado y vigas de acero en el área arrendada. Señala que ello le da derecho a retener la propiedad hasta tanto se le indemnice u obligue a adquirir el terreno en que está enclavada la estructura, para lo cual es inapropiado el procedimiento de desahucio. Sostiene que la acción apropiada es la acción accesoria dispuesta en el Artículo 297 del Código Civil, 31 L.P.R.A. sec. 1164■

El Artículo 297 es inaplicable cuando las partes han pactado sus respectivos derechos en el contrato de arrendamiento. *Pueblo v. Carrasquillo,* 58 D.P.R. 176, 179 (1941); *Rivera v. Santiago,* 56 D.P.R, 381, 390 (1940). Las disposiciones relativas a accesión gobiernan en ausencia de pacto entre las partes. Elfren Bernier, *ob. cit.* pág. 89.

En el caso de autos, el contrato especifica que las mejoras a la propiedad corresponderían al arrendador al concluir el contrato. (Cláusula 7(a)). La estructura edificada por Blanco constituye una mejora. Aumenta la utilidad y capacidad de rendimiento de la cosa, y su valor. 1 Castán, *Derecho Civil Español, Común y Foral,* Madrid, 1949, pág. 621; 4 Manresa,

*Comentarios al Código Civil Español,* 1950, pág. 292; *Nueva Enciclopedia Jurídica,* Francisco Seix S.A., Barcelona, 1971, pág. 552. Véase además *Castro Anguita v. Figueroa,* 103 D.P.R. 847, 850 (1975). Toda vez que el contrato dispone de lo edificado, el Artículo 297 del Código Civil es inaplicable y no derrota la acción de desahucio.

En la alternativa, Blanco alega que existe un contrato de opción o una promesa bilateral de compraventa mediante la cual el arrendador se comprometió a brindarle una primera oportunidad de adquirir el local, aceptando la oferta de cualquier otro comprador interesado *("Right of First Refusal").* Sugiere que sus derechos bajo este contrato le confieren cierto título sobre el local y derrotan el desahucio. No estamos de acuerdo.

En el contrato de opción de compra, una parte, llamada optatario, le concede a un comprador potencial, denominado optante, la facultad de decidir en un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido acordado en todos los aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido durante todo el término de vigencia de la opción. Michel J. Godreau, *"La Opción de Compra en Puerto Rico",* 53 Rev. Jur. U.P.R. 565, pág. 576.

En el presente caso Blanco no señaló cuál era el plazo durante el cual habría de ejercitarse la opción. Dicho elemento es esencial para configurar este tipo de contrato. *Rosa Valentín v. Vázquez,* 103 D.P.R. 796, 807-808 (1975); Michel J. Godreau, *ob. cit.* pág. 600.

Por otro lado, el concepto de *"opción"* es inadecuado para designar preferencias concedidas para hacer una adquisición sólo si el propietario se decide a enajenar. III-3 J. Puig Brutau, *Fundamentos de Derecho Civil,* Bosch, Barcelona, 1983, pág. 396. El objeto del contrato de opción es la preservación de una oferta de venta. En este contrato, el optatario presenta una propuesta final que somete al optante para su aceptación, con el compromiso de no revocar la oferta. Michel J. Godreau, *ob.cit.,* pág. 578.

Blanco no adujo prueba de una oferta definitiva por parte del arrendador. Por el contrario, el récord demuestra que poco antes de finalizar el término de arrendamiento pactado, las partes sostuvieron negociaciones relacionadas con una posible compraventa. El arrendador hizo dos (2) ofertas que no fueron aceptadas por el arrendatario.

Tampoco existe una promesa bilateral de compraventa. Conforme al Artículo 1340 del Código Civil, *"[l]a promesa de vender o comprar, habiendo **conformidad en la cosa y en el precio,** dará derecho a los contratantes para reclamar recíprocamente el cumplimiento del contrato".* 31 L.P.R.A. sec. 3747 (Énfasis suplido).

Según se indicó, las partes no se pusieron de acuerdo en cuanto al precio a pesar de haber intercambiado comunicaciones sobre el particular. En ausencia de acuerdo, no existe una promesa bilateral de compraventa. II Diez-Picazo y Gullón, *Sistema de Derecho Civil,* 6ta Ed., Tecnos, Madrid, 1985.

Los planteamientos de Blanco están dirigidos a sustentar alguna especie de responsabilidad precontractual. El término *"precontrato"* se ha reservado para arreglos en que no se han especificado el precio y demás condiciones de la enajenación. Michel J. Godreau, *ob. cit.,* pág. 569. El incumplimiento conlleva la obligación de resarcir daños. II-2 Puig Brutau, *ob. cit.,* 1982, pág. 13. Desde este punto de vista, aún cuando los autos sostuvieran algún tipo de responsabilidad precontractual, extremo sobre el cual no nos expresamos, ésta sería insuficiente para derrotar una acción de desahucio. El derecho a reclamar dinero invertido en reparar o hacer mejoras en la propiedad no crea un conflicto de título que derrote el desahucio. Véanse *Martínez v. Dalmau,* 93 D.P.R. 191, 195 (1966); *Buitrago v. González,*

43 D.P.R. 1024 (1932).

Finalmente,. Blanco señala que el costo de la estructura colindante (aproximadamente $55,000) debe sustituir la fianza. El Artículo 632, ante, no contempla dicha sustitución. Tampoco lo ha hecho la jurisprudencia.

. Habida cuenta que carecemos de jurisdicción, nos abstenemos de considerar los planteamientos restantes.

Por los fundamentos expuestos, se desestima el recurso.

NOTIFIQUESE.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 157**

**1.** Dicho Artículo reza:

*"No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del Tribunal para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación..."* .

**2.** En lo pertinente, dicho Artículo dispone:

*"El dueño del terreno en que se edificare de buena fe, tendrá derecho a hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de reproducción de la misma al momento en que el dueño del terreno ejercitare su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar al que fabricó a pagar el precio del terreno."*